UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| LAFAYETTE VENETIAN BLINDS, INC.<br><br>Plaintiff,<br><br>v.<br><br>A BEAUTIFUL WINDOW, LLC and<br>MARI JO JOHNSON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:10-CV-0079-JD-APR |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is the motion by Plaintiff, Lafayette Venetian Blinds, Inc., for default judgment against Defendants, A Beautiful Window, LLC, and Mari Jo Johnson [DE 13]. The Motion for Default Judgment was filed on June 16, 2011, and is **GRANTED**.

**I. BACKGROUND**

On September 27, 2010, the Plaintiff, Lafayette Venetian Blinds, Inc., filed its Complaint [DE 1] alleging two counts against Defendants, A Beautiful Window, LLC, and Mari Jo Johnson. Venetian Blinds is an Indiana company. Mari Jo Johnson is a citizen of the State of Wisconsin and she is listed as Beautiful Window's registered agent. *See* DE 1. Beautiful Window is a limited liability company with its principal place of business in Wisconsin. *See* DE 1. In 2005, the parties entered an open account agreement, *see* DE 13, Ex. B, ¶ 3; DE 1, Ex. A, under which Beautiful Window agreed to pay amounts due on the account for purchases made from Venetian Blinds, plus a late charge of 1.5% per month on overdue amounts and also any collection costs, including reasonable attorney's fees. Between February 20 and June 26, 2009, Beautiful Window issued four checks and authorized four electronic transfers, totaling

$27,402.40. Johnson signed each of the checks. All the checks were returned for nonsufficient funds, and none of the electronic transfers were honored for the same reason. As of August 28, 2009, when the parties apparently stopped doing business, Beautiful Window owed $57,507.58 on its open account, inclusive of late fees to that point. By June 15, 2011, just before Venetian Blinds filed the instant motion, an additional $18,575.73 in late charges had accrued. *See* DE 13, Ex. B, ¶ 7.

In Count I, Venetian Blinds alleges that Beautiful Window breached the open account agreement by purchasing goods but never paying for them. *See* DE 1. It seeks damages against Beautiful Window of the amount due on the open account, including continually accruing late fees until the date of judgment, and attorney's fees, plus post-judgment interest. *See* DE 1. In Count II, Venetian Blinds alleges that Beautiful Window and Johnson violated Indiana Code § 35-43-5-5 when they issued checks and authorized electronic funds transfers knowing that they would not be honored. In this Count, Venetian Blinds seeks treble damages and reasonable attorney's fees, plus post-judgment interest, from Beautiful Window and Johnson jointly and severally, in a cause of action under Indiana Code § 34-24-3-1.

Venetian Blinds served Beautiful Window and Johnson with the summons and complaint on February 28, 2011. Neither Mari Jo Johnson nor Beautiful Window has responded or filed an appearance. The Clerk entered default against both defendants on June 9, and Venetian Blinds filed this motion for default judgment on filed June 16.

## II. DISCUSSION

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a): Venetian is an Indiana company, Beautiful Window is a Wisconsin company, and Mari Jo Johnson is a

Wisconsin resident; the damages sought are above $75,000.00. The Court also has personal jurisdiction, and venue is proper.

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). A defendant is required to file an answer within 21 days after service of the summons and complaint, *see* Fed. R. Civ. P. 12(a); failure to do so may result in the defendant's default under Rule 55(a). A default judgment establishes, as a matter of law, that the defendant is liable for each cause of action in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

**A. Breach of Open Account Agreement**

The essential elements of a breach of contract claim are the existence of a contract, followed by the defendant's breach thereof, and resulting in damages. *Rice v. Hulsey*, 829 N.E.2d 87, 89 (Ind. Ct. App. 2005). Damages for a breach of contract claim is the loss actually suffered as a result of the breach. *Holloway v. Bob Evans Farms, Inc.*, 695 N.E.2d 991, 995 (Ind. Ct. App. 1998). Although the well-pleaded allegations of a complaint are generally taken as true, *see e360 Insight*, 500 F.3d at 605, those relating to the amount of damages must be proved. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994). Thus, in considering a motion for default judgment, a court may need to hold a hearing to determine damages, unless the damages are "capable of ascertainment from definite figures contained in documentary evidence or detailed affidavits." Fed. R. Civ. P. 55(b)(2); *Dundee Cement Co. v. Howard Pipe & Contract Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Here, Beautiful Window entered into an open account agreement that required it to pay for any goods it purchased from Venetian Blinds on the open account. According to the affidavit of Deborah Kissel, the credit manager for Venetian Blinds, Beautiful Window's account balance

through August 28, 2009, including purchases and late charges, was $57,507.58, and as of June 15, 2011, an additional $18,575.73 in interest had accrued. *See* DE 13, Ex. B, ¶¶ 4, 7. Beautiful Window has not paid the amounts owed on its open account, *id.*, and has thus breached the contract. Kissel's affidavit, which is based on her own personal knowledge or the books and records of Venetian Blinds, *id.* ¶ 2, is sufficient to establish the amount owed on the open account, which is the proper measure of damages under the agreement.

**B. Check Deception**

Indiana Code § 35-43-5-5 prohibits "knowingly or intentionally issu[ing] or deliver[ing] a check, a draft, or an order on a credit institution for the payment of or to acquire money or other property, knowing that it will not be paid or honored by the credit institution." A returned check for insufficient funds constitutes prima facie evidence that the person knew that it would not be honored. *Id*. Further, "a corporate officer who issues worthless checks may be held personally liable under the criminal check deception statute." *Walker v. State*, 467 N.E.2d 1248 (Ind. App. 1984). And under Indiana Code § 34-24-3-1, a person suffering a pecuniary loss as a result of a violation of § 35-43-5-5 may recover from the person who caused the loss up to three times the actual loss, the costs of the action, and reasonable attorney's fees. "Pecuniary loss" is considered "a loss of money, or of something by which money, or something of money value may be acquired." *Veach v. Sheeks*, 316 F.3d 690, 694 (7th Cir. 2003). As interpreted by Indiana courts, the pecuniary loss from check deception need be nothing more than a bank's "den[ial of] the money represented by the check." *Americar Leasing, Inc. v. Maple*, 406 N.E.2d 333, 335 (Ind. App. 1980); *see also Hart Conversions, Inc. v. Pyramid Seating Co., Inc.*, 658 N.E.2d 129, 130 (1995) (pecuniary loss derived solely from the non-payment for goods on an open account).

In this case, Kissel's affidavit establishes that Beautiful Window and Johnson issued four insufficient checks, in a total amount of $27,402.40. *See* DE 13, Ex. B, ¶¶ 8–15. The affidavit also shows that Beautiful Window authorized an additional $3,673.13 in electronic funds transfers, *id.* ¶¶ 16–23, although the Court has no evidence that Johnson personally authorized those transfers. This evidence is sufficient to establish a *prima facie* case of check deception, which entitles Venetian Blinds to treble the total pecuniary loss of $31,075.53. As Venetian Blinds recognizes, however, allowing a full treble recovery in addition to the damages awarded under Count I would allow a double recovery of the actual pecuniary loss itself. Therefore, Venetian Blinds is entitled to damages of only $62,151.06 on Count II. Johnson, however, is not liable under Count I and is therefore jointly and severally liable for three times the $27,402.40 of pecuniary loss that she personally caused, or $82,207.20.

### C. Attorney Fees

Venetian Blinds is entitled to attorney's fees against Beautiful Window under the terms of the open account agreement, and against both defendants under Indiana Code§ 35-43-5-5(3). Attorney Jacqueline Sells Homann's affidavit states that Venetian Blinds has been or will be billed $1,370.00 in connection with the collection of the amounts outstanding. *See* DE 13 at 6. These are reasonable fees considering the amount of the judgment. *See Matter of Lehman*, 690 N.E.2d 696, 702 (Ind. 1997).

## III. CONCLUSION

In sum, Johnson is individually liable on Count II for treble the $27,402.40 worth of checks she personally signed, a total of $82,207.20. On Count I, Beautiful Window is liable for $76,083.31—consisting of $57,507.58, the original amount owed on the open account in August 2009, and $18,575.73, the interest that had accrued on the open account to the date of the

affidavit in June 2011—plus additional pre-judgment interest on that sum at a rate of 1.5% until today's date. On Count II, Beautiful Window is also liable for another two-times the $31,075.53 worth of bad checks and funds transfers it authorized, or $62,151.06. Beautiful Window's total liability is thus $138,234.37 plus pre-judgment interest at 1.5% from June 15, 2011 to today's date; $82,207.20 of this total liability is joint and several with Johnson's individual liability. Finally, both Beautiful Window and Johnson are jointly and severally liable for Venetian Blind's attorney's fees of $1,370. All amounts owed are further subject to post judgment interest at today's rate, listed below.

Plaintiff's Motion for Default Judgment [DE 13] is therefore **GRANTED** against A Beautiful Window, LLC, and Mari Jo Johnson, jointly and severally, in the amount of **$82,207.20** and reasonable attorney's fees in the amount of **$1,370.00**, all of which is subject to post judgment interest at a rate of 0.11%. Default Judgment is also **GRANTED** against A Beautiful Window, LLC, solely, in an additional amount of **$56,027.17**, plus pre-judgment interest on $76,083.31 at a rate of 1.5% per month from June 15, 2011, until today's date, all of which is subject to post-judgment interest at a rate of 0.11%.

SO ORDERED.

ENTERED: December 13, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court